UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LOUIS SAUNDERS, JR.,

                                      Plaintiff,

v.

DISTRICT ATTORNEY OFFICE, MELINDA KATZ, D.A., and KELLY SESSOMS-NEWTON, A.D.A.,

                                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
23-CV-8734 (LDH) (LKE)

LaSHANN DeARCY HALL, United States District Judge:

      Louis Saunders, Jr. ("Plaintiff"), proceeding pro se, brings the instant action pursuant to 42 U.S.C. § 1983 against the Queens County District Attorney's Office, District Attorney Melinda Katz, and Assistant District Attorney Kelly Sessoms Newton ("Defendants"), alleging false prosecution. Plaintiff's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) is granted solely for the purpose of this Order. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff alleges that Queens County Family Court, prosecutors, detectives, police officers, among other law enforcement officers and court personnel have retaliated against him. (Compl. at 4, ECF No. 1.) Plaintiff further alleges that Defendant Katz is "aware of corruption" occurring in the Queens Criminal Court and that Defendant Sessoms-Newton "gave false statement [sic] in court." (*Id.*) Plaintiff seeks to have Defendants removed from their positions

1

and criminally charged. (*Id.* at 5.) Plaintiff also seeks unspecified but "very large" punitive damages. (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss sua sponte an in forma pauperis action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Plaintiff's claims arise under 42 U.S.C. § 1983, which provides, in relevant part, that:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of

2

> Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Importantly, "[a] prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Such protected conduct includes, when the prosecutor "initiat[es] and pursu[es] a criminal prosecution," *see Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citing *Imbler v. Pachtman*, 424 U.S. at 410 (1976)); acts undertaken "in preparing for the initiation of judicial proceedings or for trial" *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); and even if the prosecutor makes false statements during judicial proceedings, *Burns v. Reed*, 500 U.S. 478, 490 (1991) or knowingly uses false testimony, *Shmueli*, 424 F.3d at 237.

      Here, Plaintiff fails to state a Section 1983 claim against Defendants, who, as prosecutors, are entitled to absolute immunity. Indeed, there is no question that Plaintiff asserts his claims against Defendants in their capacity as "advocates in connection with judicial proceedings" against Plaintiff. *See Simon*, 727 F.3d at 171. Accordingly, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, the complaint, filed in forma pauperis, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Despite Plaintiff's pro se status, the Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

In light of Plaintiff's litigation history,[1] Plaintiff is cautioned that this Court will not tolerate abuse of its judicial resources and that he may be subject to a filing injunction barring Plaintiff from filing new actions seeking in forma pauperis status without prior leave of this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed enter judgment, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ LDH
LaShann DeArcy Hall
United States District Judge

Dated: February 25, 2025
      Brooklyn, New York

---

[1] Plaintiff filed three other actions at the same time. *See Saunders v. Sofola,* No. 23-cv-8731 (LDH) (TAM); *Saunders v. Legal Aid Society*, No. 23-cv-8732 (LDH) (TAM) and *Saunders v. Supreme Court, et al.,* No. 23-cv-8733 (LDH) (TAM). In addition, Plaintiff has four other actions pending: *Saunders v. McFarlane*, No. 23-cv-7097 (LDH) (TAM) (filed Sept. 14, 2023); *Saunders v. Bua*, No. 23-cv-7098 (LDH) (TAM) (same): *Saunders v. Queens Family Courthouse*, No. 23-cv-7099 (LDH) (TAM) (same)*; Saunders v. Center for Family Representation*, No. 23-cv-8921 (LDH) (TAM) (filed Nov. 29, 2023).

4